UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 11-CV-14479

        HON. GEORGE CARAM STEEH

CYRIL C. HALL,

        Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On October 11, 2011, plaintiff filed this action seeking to recover student loan debt allegedly owed by defendant. On February 28, 2012, plaintiff filed a motion for summary judgment. The matter was fully briefed and oral argument was held on May 2, 2012. For the reasons set forth below, the court GRANTS plaintiff's motion for summary judgment.

## BACKGROUND

On or about March 12, 1979, defendant signed a promissory note to secure a loan from Manufacturers Bank in the amount of $3,500.00 at an interest rate of 7% per annum. The loan was disbursed on July 29, 1977. The loan obligation was guaranteed by Michigan Higher Education Assistance Authority and reinsured by the Department of Education under loan guaranty programs. Defendant defaulted on the obligation on February 20, 1981. Following default, the guaranty agency paid a claim to the holder of the promissory note. The guarantor was reimbursed for the payment by the Department of Education. On November 21, 1990, the guarantor assigned its right and title to the loan to the Department

of Education.

In the complaint in this case, the Department of Education asserts defendant owes a total of $5,935.46, including $1,971.76 in principal and $3,963.70 in interest. In the motion for summary judgment, plaintiff seeks a judgment in the amount of $5,935.46 plus pre and post judgment interest and court costs. In response, defendant acknowledges signing the promissory note but claims he paid the debt in full. Defendant relies upon a 1989 action by the government, Case No. 89-cv-70395 before Judge Barbara Hackett. In the 1989 action, the government sought satisfaction of defendant's student loan debt. A consent judgment was entered in that case on June 29, 1989. The docket reflects that the consent judgment was satisfied by plaintiff in February of 1992. In reply, plaintiff argues the loan that is the subject of this litigation was not litigated in the 1989 action.

STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment forthwith if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors

Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48 (emphasis in original).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. Id.

ANALYSIS

In order to prevail on its motion for summary judgment, plaintiff must first establish that: (1) defendant signed the promissory note; (2) plaintiff is the present owner or holder of the note; and (3) the note is in default. United States v. Petroff-Kline, 557 F.3d 285, 290 (6th Cir. 2009). Plaintiff may satisfy these elements with evidence of the note and a certificate of indebtedness signed by a loan analyst under penalty of perjury. Id.; see also Guillermety v. Secretary of Education, 341 F. Supp. 2d 682, 688 (E.D. Mich. 2003). The burden then shifts to defendant to prove "the nonexistence, extinguishment or variance in

payment of the obligation." Petroff-Kline, 557 F.3d at 290. In this case, plaintiff met its burden of establishing a *prima facie* case by attaching to its complaint the promissory note signed by defendant and a certificate of indebtedness signed under penalty of perjury by a U.S. Department of Education loan analyst.

Defendant argues the motion for summary judgment should be denied because the student loan at issue in this case was paid through the settlement of a 1989 case and thus plaintiff's claim is barred by collateral estoppel, res judicata, or accord and satisfaction of the debt. Under Michigan law, collateral estoppel applies when: (1) the parties in both proceedings are the same or in privity; (2) there was a valid, final judgment in the first proceeding; (3) the same issue was actually litigated in the first proceeding; (4) that issue was necessary to the judgment; and (5) the party against whom preclusion is asserted, or its privy, had a full and fair opportunity to litigate the issue. United States v. Dominguez, 359 F.3d 839, 842 (6th Cir. 2004), citing Michigan v. Gates, 434 Mich. 146 (1990). The doctrine of res judicata "precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995). "An accord and satisfaction is an affirmative defense grounded in contract principles." Hoerstman General Contracting, Inc. v. Hahn, 474 Mich. 66, 70 (2006). The "accord" consists of the offer by the debtor and the acceptance of that offer by the creditor, while the "satisfaction" is the execution of the accord. Id. at 71. Not one of these doctrines applies here. While the earlier case was initiated by the government and sought satisfaction of defendant's student loan debt, the loan that is the subject of this litigation was not litigated in the 1989 action. The loans at issue in the 1989 litigation were two National Direct Student Loans taken by defendant on or about February 24, 1972 and

4

December 12, 1974 to attend Mercy College of Detroit. The loans are identified by the Department of Education as N198306001954301 and N198306001954201. These loans have a zero balance in light of the satisfaction of the 1989 consent judgment and are considered closed by the Department of Education. The loan at issue in this case is a Guaranteed Student Loan taken by defendant on or about March 12, 1979 to attend Howard University. The loan is identified by the Department of Education as G199105000180701. The loan was not assigned to the Department of Education until November 21, 1990. As the loan was not assigned until after the consent judgment was reached in June of 1989, the loan was not and could not have been resolved as part of the 1989 case. Because defendant has failed to rebut plaintiff's *prima facie* case, plaintiff's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Dated: May 2, 2012

          s/George Caram Steeh  
          GEORGE CARAM STEEH  
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 2, 2012, by electronic and/or ordinary mail.

S/Josephine Chaffee  
Deputy Clerk